1  MICHAEL J. HADDAD (State Bar No. 189114)
   JULIA SHERWIN  (State Bar No. 189268)
2  GENEVIEVE K. GUERTIN (State Bar No. 262479)
   T. KENNEDY HELM (State Bar No. 282319)
3  HADDAD & SHERWIN
4  505 Seventeenth Street
   Oakland, California  94612
5  Telephone: (510) 452-5500
   Facsimile:   (510) 452-5510
6
7  Attorneys for Plaintiffs Leslie Molera, D.W., and William Walker

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11  LESLIE MOLERA, D. W., a minor,           )
    through his Guardian Ad Litem, Leslie    )   No:
12  Molera, and WILLIAM WALKER, all          )
    Individually and as Co-Successors in     )   Hon.
13  Interest of Decedent KENDALL             )
    WALKER,                                  )   **COMPLAINT FOR DAMAGES,**
14                                           )   **DECLARATORY, AND INJUNCTIVE**
                                             )   **RELIEF, AND DEMAND FOR JURY**
15               Plaintiffs,                 )   **TRIAL**
    vs.                                      )
16                                           )
    CITY OF VACAVILLE, a public entity;      )
17  CITY OF VACAVILLE POLICE CHIEF           )
    RICHARD WORD, in his individual          )
18  and official capacities; OFFICER         )
    KENJI, OFFICER VALK, and DOES 1          )
19  through 20, individually, jointly and    )
    severally,                               )
20                                           )
21               Defendants.                 )
                                             )
22                                           )
                                             )
23                                           )
                                             )
24  _____  )

25

26

27

28

COMPLAINT AND JURY DEMAND                                          1

Plaintiffs, by and through their attorneys, HADDAD & SHERWIN for their Complaint against Defendants, state as follows:

## JURISDICTION

1.     This is a civil rights, wrongful death, and survival action arising from Defendants' wrongful shooting, use of excessive force and recklessly provocative tactics, resulting in the death of Kendall Walker, Deceased, on or about July 18, 2013, in the City of Vacaville, County of Solano, California.  This action is brought pursuant to 42 USC §§ 1983 and 1988; Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 *et seq.*; § 504 of the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794 and 794a *et seq.*; 42 U.S.C. §§ 2000d-7 and 12202; and the Fourth, First, and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California, including but not limited to California Civil Code §§ 52.1, 51.7, and 52, and California common law.  Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.  Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.

## INTRADISTRICT ASSIGNMENT

2.     A substantial part of the events and/or omissions complained of herein occurred in the City of Vacaville, Solano County, California, and this action is properly assigned to the Sacramento Division of the United States District Court for the Eastern District of California.

## PARTIES AND PROCEDURE

3.     Minor Plaintiff D. W. is and was at all times herein mentioned the son of Decedent KENDALL WALKER and a resident of the State of California.  He is being

represented in this matter by his grandmother and guardian ad litem, Leslie Molera,

pursuant to Federal Rule of Civil Procedure 17(c).  Minor Plaintiff D. W. brings these

claims individually for wrongful death and violation of his personal rights, and as successor

in interest for Decedent KENDALL WALKER asserting survival claims for KENDALL

WALKER under state and federal law.

4.     Plaintiff LESLIE MOLERA is the mother of decedent, KENDALL WALKER,

and a resident of the State of California.  Plaintiff LESLIE MOLERA brings these claims

individually for wrongful death and violation of her personal rights.

5.     Plaintiff WILLIAM WALKER is the father of Decedent KENDALL WALKER

and a resident of the State of California.  Plaintiff WILLIAM WALKER brings these claims

individually for wrongful death and violation of his personal rights.

6.     Plaintiffs bring these claims pursuant to California Code of Civil Procedure §§

377.20 et seq. and 377.60 et seq. which provide for survival and wrongful death actions.

Plaintiffs also bring their claims individually and on behalf of Decedent KENDALL

WALKER on the basis of 42 USC §§ 1983 and 1988, the United States Constitution, and

federal and state civil rights law.  Plaintiffs also bring these claims as Private Attorneys

General, to vindicate not only their rights, but others' civil rights of great importance.

7.     Defendant CITY OF VACAVILLE is a public entity established by the laws

and Constitution of the State of California, and owns, operates, manages, directs, and

controls the Vacaville Police Department ("VPD") which employs other defendants in this

action.

8.     Defendant Chief of Police RICHARD WORD ("WORD") at all material times

was employed as Chief of Police by Defendant CITY OF VACAVILLE, and was acting

within the course and scope of that employment.  As Chief of Police, Defendant WORD

was a policy-making official for Defendant CITY OF VACAVILLE with the power to make official and final policy for the VPD. Defendant WORD is being sued in his individual and official capacities.

9.      Defendants OFFICER KENJI and OFFICER VALK at all material times were employed as Police Officers by the VPD, and were acting within the scope of that employment.

10.      Despite Plaintiffs' multiple requests for records, Defendants have not provided Plaintiffs or their representatives with information concerning this shooting, including the names of the other involved police officers, any police reports, records of any investigation, or recordings of this incident. As a result, the true names and capacities of Defendants sued herein as DOES 1–20 ("DOE defendants") are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and Plaintiffs will seek leave to amend this complaint to show their true names and capacities when the same are ascertained. Each DOE defendant was an employee/agent of the City of Vacaville and the VPD, and at all material times acted within the course and scope of that relationship.

11.      Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs. Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants.

12.      Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things

herein alleged, was acting within the course and scope of that relationship.  Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

13.     At all material times, each Defendant was jointly engaged in tortious activity, and was an integral participant to the events and violations of rights described herein, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

14.     The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of the VPD.

15.     At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

16.     Each Plaintiff herein timely and properly filed tort claims pursuant to Cal. Gov. Code § 910 et seq., and this action is timely filed within all applicable statutes of limitation.

17.     This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2).

## GENERAL ALLEGATIONS

18.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

19.     On or about July 18, 2013, at about 7:30 p.m., unidentified members of the VPD fatally shot Kendall Walker (Decedent) near the intersection of Ulatis Drive and Nut

Tree Road in the City of Vacaville, County of Solano, California.  Defendant VPD officers shot Decedent multiple times after a low-speed car chase instituted by Defendants.

20.     Before the low-speed car chase involving Kendall Walker and Defendant VPD officers, the Defendant VPD officers, including Defendants Kenji and Valk, had been informed and knew that Decedent Walker was suffering from mental illness and/or emotional disturbance.  Defendants had also been informed that Kendall Walker had no firearms or other weapons in his car.

21.     Kendall Walker was driving a Geo Metro that could not travel very fast.  He was driving about fifteen to twenty miles per hour.  Decedent Walker had not committed any crime, and Defendants lacked legal cause to seize him.  The VPD tried to pull Decedent Walker over, but he engaged in a low-speed chase with the VPD.  Decedent Walker had the right to non-violently resist Defendants' attempt to unlawfully seize him. The VPD stopped Kendall Walker after one of the VPD's patrol cars pulled up along the right side of his car and rammed it using the tactical ramming "PIT" maneuver.  This aggressive, provocative, and dangerous maneuver caused the Decedent's car to spin around out of control so that it faced the other direction.  This incident occurred near Ulatis Drive and either Nut Tree Road or Christine Drive.  Several VPD police cars surrounded Kendall Walker's car, cutting off avenues of escape.  Decedent Walker began to get out of his car, and less than about five seconds later several VPD shot him.

22.     Decedent had no weapon in his hands and posed no significant or immediate threat of death or serious bodily harm to Defendant VPD officers or others at the time he was shot.  Decedent Walker had not made any movement or gesture under the circumstances that a reasonable officer would perceive as posing an immediate threat to justify the use of deadly force.  Defendant VPD officers unlawfully seized and used

excessive force against Kendall Walker, including but not limited to firing multiple, deliberate gunshots at Decedent without warning and without legal justification, causing great pain and suffering to Decedent and causing his death.

23.     At all times, Decedent Kendall Walker did not pose a significant and immediate threat of death or serious physical injury to Defendants, officers, or others.

24.     At all material times, Defendants VPD officers knew and/or had reason to know that Decedent was a mentally ill and/or emotionally disturbed person.  Defendants failed to follow generally accepted law enforcement standards and training for safely handling Decedent as a mentally ill and/or emotionally disturbed person.

25.     Further, as a result of Defendants' unreasonable, reckless, excessive, unlawful, and provocative tactics, Defendants created the situation where deadly force was used.

26.     At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Decedent's and Plaintiffs' rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

27.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiffs sustained the following injuries and damages, past and future, among others:

      a.     Wrongful death of Kendall Walker;

      b.     Hospital and medical expenses (Survival claims);

      c.     Coroner's fees, funeral and burial expenses (Survival claims);

      d.     Loss of familial relationships, including loss of love, companionship, comfort, affection, consortium, society, services, solace, and moral support (All Plaintiffs, based on wrongful death and loss of familial association);

e.    Loss of economic support (D.W.,, based on wrongful death and loss of familial association);

f.    Violation of constitutional rights;

g.    Pain and Suffering, including emotional distress (All Plaintiffs, based on individual §1983 claims for loss of familial association);

h.    Kendall Walker's loss of life, pursuant to federal civil rights law (Survival claims);

i.    Kendall Walker's conscious pain and suffering, pursuant to federal civil rights law (Survival claims);

j.    All damages, penalties, and attorneys' fees and costs recoverable under 42 USC §§ 1983, 1988, 12205, 29 U.S.C. § 794a, the ADA, the RA, California Civil Code §§ 51.7, 52, and 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law;

**COUNT ONE**
**-- 42 USC §1983 --**
**ALL PLAINTIFFS AGAINST DEFENDANTS KENJI, VALK, AND DOES 1–20**

28.    Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

29.    By the actions and omissions described above, Defendants KENJI, VALK and DOES 1-20 violated 42 USC §1983, depriving Plaintiffs and Decedent of the following clearly established and well-settled constitutional rights protected by the First, Fourth and Fourteenth Amendments to U.S. Constitution:

a.    The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

b.    The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

c.    The right to be free from the use of unlawful deadly force as secured by the Fourth and Fourteenth Amendments;

d. The right to be free from wrongful government interference with familial relationships, and Plaintiffs' right to companionship, society and support of each other, as secured by the First, Fourth and Fourteenth Amendments, and California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq.;

30.     Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs (individually and on behalf of Kendall Walker, Deceased) and others would be violated by their acts and/or omissions.

31.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth at paragraph 27, above.

32.     The conduct of Defendants KENJI, VALK, and DOES 1-20 entitles Plaintiffs to punitive damages and penalties allowable under 42 USC §1983 and California law. Plaintiffs do not seek punitive damages against the City of Vacaville.

33.     Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 USC §1988 and applicable federal and California codes and laws.

**COUNT TWO**
**- 42 USC §1983 (Municipal and Supervisory Liability) –**
**ALL PLAINTIFFS AGAINST DEFENDANTS CITY OF VACAVILLE, CHIEF OF POLICE RICHARD WORD, AND DOES 1-20**

34.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

35.     The unconstitutional actions and/or omissions of Defendants KENJI, VALK, DOES 1-20, and other officers employed by or acting on behalf of Defendant City of Vacaville, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the VPD, stated in the alternative, which were directed,

encouraged, allowed, and/or ratified by policy making officers for City of Vacaville and the VPD, including but not limited to Defendant WORD:

    a.    To use or tolerate the use of excessive and/or unjustified force;

    b.    To use or tolerate the use of unlawful deadly force;

    c.    To fail to use appropriate and generally accepted law enforcement policies, procedures, and training in handling mentally ill, emotionally disturbed and/or medically disabled persons;

    d.    To fail to use appropriate and generally accepted law enforcement policies, procedures, and training in handling disabled persons;

    e.    To fail to use appropriate and generally accepted law enforcement policies, procedures, and training in handling persons experiencing medical emergencies;

    f.    To fail to accommodate persons with disabilities, particularly mental illness and/or emotional disturbance;

    g.    To cover-up violations of constitutional rights by any or all of the following:

        i.  by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, unlawful seizures, and/or handling of mentally ill or emotionally disturbed persons;

        ii.  by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

        iii. by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

    h.    To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department;

    i.    To use or tolerate inadequate, deficient, and/or improper procedures for handling, investigating, and reviewing complaints of officer

misconduct made under California Government Code § 910 et seq.; and

j.  To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (i) above, with deliberate indifference to the rights and safety of Plaintiffs and the public, and in the face of an obvious need for such policies, procedures, and training programs.

36.  Defendants City of Vacaville, Chief WORD, and DOES 1-20 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants KENJI, VALK, DOES 1-20, and other VPD personnel, with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

37.  The unconstitutional actions and/or omissions of Defendants KENJI, VALK, DOES 1-20, and other VPD personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the VPD.  Plaintiffs are informed and believe, and thereupon allege, the details of this incident have been revealed to the authorized policy makers within City of Vacaville and the VPD including Defendant WORD, and that such policy makers have direct knowledge of the fact that the Kendall Walker shooting was not justified, but represented an unconstitutional display of unreasonable, excessive and deadly force.  Notwithstanding this knowledge, the authorized policy makers within City of Vacaville and the VPD have approved of Defendant DOES 1–20s' shooting of Kendall Walker, and have made a deliberate choice to endorse Defendant DOES 1–20s' shooting of Kendall Walker and the basis for that shooting.  By so doing, the authorized policy makers within City of Vacaville and the VPD have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

38.     The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendants City of Vacaville, Chief Word, and Does 1–20, were a moving force and/or a proximate cause of the deprivations of Plaintiffs' clearly-established and well-settled constitutional rights in violation of 42 USC §1983, as more fully set forth in Paragraph 29, above.

39.     Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

40.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants City of Vacaville, Chief Word, and DOES 1–20 as described above, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorneys' fees as set forth in paragraphs 30 - 33, above, and punitive damages against Defendants WORD, KENJI, VALK, and DOES 1–20 in their individual capacities.

**COUNT THREE**
**-- VIOLATION OF CIVIL CODE §52.1 --**
**ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

41.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

42.     By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, interfered with, attempted to interfere with, and

violated Plaintiffs' rights under California Civil Code §52.1, and the following clearly-

established rights under the United States Constitution and the California Constitution:

    a.  The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b.  The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

    c.  The right to be free from the unreasonable use of deadly force as secured by the Fourth and Fourteenth Amendments;

    d.  The right to be free from wrongful government interference with familial relationships, and Plaintiffs' right to companionship and society with each other, as secured by the First, Fourth and Fourteenth Amendments;

    e.  The right to be free from unlawful and unreasonable seizure of one's person, including the right to be free from unreasonable or excessive deadly force, as secured by the California Constitution, Article 1, Section 13;

    f.  The right to protection from bodily restraint, harm, or personal insult, as secured by Cal. Civil Code § 43.

    43.    Separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Plaintiffs' rights, Defendants violated Plaintiffs' rights by the following conduct constituting threats, intimidation, or coercion:

    a.  Chasing and threatening Kendall Walker in the absence of any threat presented by Mr. Walker, or any justification whatsoever;

    b.  Using deliberately reckless and provocative tactics to apprehend Kendall Walker in violation of generally accepted law enforcement training and standards, and in violation of Kendall Walker's rights;

    c.  Deliberately causing Kendall Walker's car to be rammed by a police car, in the absence of a justifiable threat or need;

d.  Causing multiple officers to point guns at Kendall Walker, threatening the use of deadly force, without justification;

e.  Threatening violence against Kendall Walker, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

f.  Causing Kendall Walker to be shot multiple times, without warning and without justification; and

g.  Violating Kendall Walker's rights to be free from unlawful seizures by both wrongful arrest and excessive force.

44.    As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiffs' rights under the United States and California Constitutions, Plaintiffs sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above at paragraphs 30 - 33 and punitive damages against Defendants WORD, KENJI, VALK, and Does 1–20 in their individual capacities, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, three times actual damages, and civil penalties.

**COUNT FOUR**
**-- NEGLIGENCE; PERSONAL INJURIES --**
**ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

45.    Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

46.    At all times, each Defendant owed Plaintiffs the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

47.    At all times, each Defendant owed Plaintiffs the duty to act with reasonable care.

COMPLAINT AND JURY DEMAND                                                        14

48.     These general duties of reasonable care and due care owed to Plaintiffs by all Defendants include but are not limited to the following specific obligations:

    a.     to refrain from using excessive and/or unreasonable force against Kendall Walker;

    b.     to refrain from unreasonably creating the situation where force, including but not limited to deadly force, is used;

    c.     to refrain from abusing their authority granted them by law;

    d.     to use tactics and force appropriate for a disabled, mentally ill and/or emotionally disturbed person having a medical emergency;

    e.     to refrain from violating Plaintiffs' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

49.     Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Defendants City of Vacaville, Chief WORD, and Does 1–20, include but are not limited to the following specific obligations:

    a.     to properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

    b.     to make, enforce, and at all times act in conformance with policies, training, and customs that are lawful and protective of individual rights, including Plaintiffs'.

    c.     to refrain from making, enforcing, and/or tolerating the wrongful policies, training, and customs set forth at paragraph 35, above.

50.     Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs.

51.     As a direct and proximate result of Defendants' negligence, Plaintiffs sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above at paragraphs 30 - 33, and punitive damages against Defendants Chief WORD, KENJI, VALK, and DOES 1–20 in their individual capacities.

**COUNT FIVE**
**-- ASSAULT AND BATTERY --**
**ALL PLAINTIFFS AGAINST DEFENDANTS DOES 1-20 AND CITY OF VACAVILLE**

52.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

53.     The actions and omissions of Defendants DOES 1–20 and City of Vacaville as set forth above constitute assault and battery.

54.     As a direct and proximate result of Defendants' assault and battery of Kendall Walker, Plaintiffs sustained injuries and damages, and are entitled to relief as set forth above at paragraphs 30 - 33, and punitive damages against all Defendants (except the City of Vacaville) in their individual capacities.

**COUNT SIX**
**-- VIOLATION OF CALIFORNIA CIVIL CODE §51.7 --**
**ALL PLAINTIFFS AGAINST DEFENDANTS KENJI, VALK, DOES 1-20 AND CITY OF VACAVILLE**

55.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

56.     By their acts, omissions, customs, and policies, Defendants KENJI, VALK, Does 1-20 and the City of Vacaville, acting in concert/conspiracy, as described above, violated Plaintiffs' rights secured by California Civil Code §51.7 to be free from any violence, or intimidation by threat of violence, committed against Kendall Walker, because of his disability and/or psychiatric condition.

57.     As a direct and proximate result of Defendants' violation of California Civil Code §51.7, Plaintiffs sustained injuries and damages, and are entitled to relief as set forth above at paragraphs 30 - 33, and all damages allowed by California Civil Code §§52, 51.7, and California law, including but not limited to attorneys' fees, costs, three times actual damages, and civil penalties.

**COUNT SEVEN**
**– VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)(TITLE II) –**
**AND REHABILITATION ACT (RA)**
**AGAINST DEFENDANT CITY OF VACAVILLE**

58.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

59.     Congress enacted the Americans with Disabilities Act ("ADA") upon a finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious and pervasive social problem."  42 U.S.C. § 121019(a)(2).

60.     The ADA, 42 U.S.C. § 12182(b)(1)(A)(iii), provides in pertinent part that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual licensing, or other arrangements, with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals." (emphasis added).

61.     Decedent was a "qualified individual" with a mental illness, disability and medical impairments that limited and/or substantially limited his ability to care for himself and control his mental, medical or physical health condition as defined under the ADA, 42 U.S.C. § 12131(2), and Section 504 of the Rehabilitation Act ("RA") of 1973, 29 U.S.C. § 794, 28 C.F.R. 42.540(k).

62.     Defendant City of Vacaville is a public entity whose services, programs, and/or activities are covered under and governed by the ADA and RA, and regulations promulgated under each of these laws.

63.     Defendant is within the mandate of the RA that no person with a disability may be "excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity."  29 U.S.C. § 794.

64.     Further, Plaintiffs are informed and believe and thereon allege that Defendant City of Vacaville receives federal financial assistance.

65.     Under the ADA, the City of Vacaville is mandated to "develop an effective, integrated, comprehensive system for the delivery of all services to persons with mental disabilities and developmental disabilities . . ." and to ensure "that the personal and civil rights" of persons who are receiving services under its aegis are protected.

66.     Also under the ADA, the City of Vacaville is mandated not to discriminate against any qualified individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation."  42 U.S.C. § 12182(a).  The ADA applies generally to police "services, programs, or activities."  42 U.S.C. § 12132.  The ADA applies to arrests, other seizures, and Defendants' contacts with Kendall Walker.

67.     At all material times and as described herein, Decedent Kendall Walker (1) was an individual with a disability; (2) was otherwise qualified to participate in or receive the benefit of a public entity's services, programs or activities, including the City of Vacaville's police services, programs, or activities; (3) was either excluded from participation in or denied the benefits of the City of Vacaville's services, programs or activities or was otherwise discriminated against by the City of Vacaville; and (4) such exclusion, denial of benefits or discrimination was by reason of his disability.

68. As described herein, Defendant failed to reasonably accommodate Decedent's disability in the course of contacting and seizing him, causing him to suffer greater injury in the process than other detainees or arrestees, including death.

69. As a direct and proximate result of Defendant's violations of the ADA and RA, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorneys' fees as set forth in paragraphs 30 - 33 above.


WHEREFORE, Plaintiffs respectfully request the following relief against each and every Defendant herein, jointly and severally:

    a.    compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

    b.    punitive damages under 42 USC §1983 and California law in an amount according to proof and which is fair, just, and reasonable (punitive damages are not sought against the City of Vacaville);

    c.    all other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 USC §§ 1983, 1988, and 12205 and Title II of the ADA, 29 U.S.C. §§ 794 and 794a, Cal. Code of Civ. Proc. §§ 377.20 et seq., 377.60 et seq., and 1021.5, Cal. Civil Code §§ 52 et seq., 52.1, 51.7, and as otherwise may be allowed by California and/or federal law;

    d.    Injunctive relief, including but not limited to the following:

        i.    an order prohibiting Defendants and their police officers from unlawfully interfering with the rights of Plaintiffs and others to be free from unreasonable searches and seizures and excessive and unreasonable force;

        ii.    an order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for stopping and detaining individuals, particularly persons with disabilities, persons experiencing a medical emergency, and mentally ill or emotionally disturbed persons;

iii.  an order prohibiting Defendants and their police officers from engaging in the "code of silence" as may be supported by the evidence in this case;

iv.  an order requiring Defendants to train all VPD law-enforcement officers concerning generally accepted and proper tactics and procedures for the use of deadly force and this Court's orders concerning the issues raised in injunctive relief requests i-iii, above;

v.  an order requiring Defendants to train all VPD Officers concerning generally accepted and proper tactics and procedures for handling mentally ill or emotionally disturbed persons and this Court's orders concerning the issues raised in injunctive relief requests i-iii, above;

vi.  an order requiring Defendants to train all VPD Officers concerning generally accepted and proper tactics and procedures for handling disabled persons and this Court's orders concerning the issues raised in injunctive relief requests i-iii, above;

vii.  an order requiring Defendants to train all VPD Officers concerning generally accepted and proper tactics and procedures for handling persons experiencing a medical emergency and this Court's orders concerning the issues raised in injunctive relief requests i-iii, above;

e.  such other and further relief as this Court may deem appropriate.

DATED: March 26, 2014                    HADDAD & SHERWIN


                                         /s/  Michael J. Haddad
                                         Michael J. Haddad
                                         Attorneys for Plaintiffs

1

## **JURY DEMAND**

2

Plaintiffs hereby request a trial by jury.

3

4

DATED:March 26, 2014                    HADDAD & SHERWIN

5

6                                        /s/  Michael J. Haddad

7                                        Michael J. Haddad
                                         Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28