1  MICHAEL J. HADDAD (State Bar No. 189114)
   JULIA SHERWIN  (State Bar No. 189268)
2  GENEVIEVE K. GUERTIN (State Bar No. 262479)
   T. KENNEDY HELM (State Bar No. 282319)
3  HADDAD & SHERWIN
4  505 Seventeenth Street
   Oakland, California  94612
5  Telephone: (510) 452-5500
   Facsimile:   (510) 452-5510
6

7  Attorneys for Plaintiffs Leslie Molera, William Walker, and D.W.

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11 LESLIE MOLERA, Individually,       )
   WILLIAM WALKER, Individually, and  )    No:  2:14-CV-00782-MCE-AC
12 D. W., a minor, through his mother )
   and Next Friend Luana Silva,       )    Hon. Morrison C. England, Jr.
13 Individually and as Successor in   )
   Interest for Decedent KENDALL      )    **SECOND AMENDED COMPLAINT FOR**
14 WALKER,                            )    **DAMAGES, DECLARATORY, AND**
                                      )    **INJUNCTIVE RELIEF, AND DEMAND**
15                                    )    **FOR JURY TRIAL**
              Plaintiffs,            )
16 vs.                               )
                                      )
17 CITY OF VACAVILLE, a public entity; )
18 CITY OF VACAVILLE POLICE CHIEF      )
   RICHARD WORD, in his individual    )
19 and official capacities; OFFICER   )
   TOMI KINGI, OFFICER DANIEL         )
20 VALK, SERGEANT PATRICK             )
   WILLIAMS, OFFICER DEBI LOPEZ,      )
21 OFFICER DANIEL TORRES, and         )
   DOES 4 through 20, individually,   )
22 jointly and severally,             )
                                      )
23            Defendants.            )
                                      )
24

25

26

27

28

Plaintiffs, by and through their attorneys, HADDAD & SHERWIN for their Second Amended Complaint against Defendants, state as follows:

### JURISDICTION

1.      This is a civil rights, wrongful death, and survival action arising from Defendants' wrongful shooting, use of excessive force and recklessly provocative tactics, resulting in the death of Kendall Walker, Deceased, on or about July 18, 2013, in the City of Vacaville, County of Solano, California.  This action is brought pursuant to 42 USC §§ 1983 and 1988; Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 *et seq.*; § 504 of the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794 and 794a *et seq.*; 42 U.S.C. §§ 2000d-7 and 12202; and the Fourth, First, and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California, including but not limited to California Civil Code §§ 52.1 and 52, and California common law.  Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.  Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.

### INTRADISTRICT ASSIGNMENT

2.      A substantial part of the events and/or omissions complained of herein occurred in the City of Vacaville, Solano County, California, and this action is properly assigned to the Sacramento Division of the United States District Court for the Eastern District of California.

### PARTIES AND PROCEDURE

3.      Minor Plaintiff D. W. is and was at all times herein mentioned the son of Decedent KENDALL WALKER and a resident of the State of California.  He is being

1   represented in this matter by his mother and Next Friend Luana Silva, pursuant to Federal

2   Rule of Civil Procedure 17(c).  Minor Plaintiff D. W. brings these claims individually for

3   wrongful death and violation of his personal rights, and as successor in interest for

4   Decedent KENDALL WALKER asserting survival claims for KENDALL WALKER under

5   state and federal law.

6          4.     Plaintiff LESLIE MOLERA is the mother of decedent, KENDALL WALKER,

7   and a resident of the State of California.  Plaintiff LESLIE MOLERA brings these claims

8   individually for violation of her personal rights.

9          5.     Plaintiff WILLIAM WALKER is the father of Decedent KENDALL WALKER

10  and a resident of the State of California.  Plaintiff WILLIAM WALKER brings these claims

11  individually for violation of his personal rights.

12         6.     Plaintiff D.W. brings these claims pursuant to California Code of Civil

13  Procedure §§ 377.20 et seq. and 377.60 et seq. which provide for survival and wrongful

14  death actions, as well as under federal civil rights law.  All Plaintiffs also brings claims

15  individually on the basis of 42 USC §§ 1983 and 1988, the United States Constitution, and

16  federal and state civil rights law.  All Plaintiffs also bring these claims as Private Attorneys

17  General, to vindicate not only their rights, but others' civil rights of great importance.

18         7.     Defendant CITY OF VACAVILLE is a public entity established by the laws

19  and Constitution of the State of California, and owns, operates, manages, directs, and

20  controls the Vacaville Police Department ("VPD") which employs other defendants in this

21  action.

22         8.     Defendant Chief of Police RICHARD WORD ("WORD") at all material times

23  was employed as Chief of Police by Defendant CITY OF VACAVILLE, and was acting

24  within the course and scope of that employment.  As Chief of Police, Defendant WORD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

was a policy-making official for Defendant CITY OF VACAVILLE with the power to make official and final policy for the VPD.  Defendant WORD is being sued in his individual and official capacities.

9.      Defendants OFFICER TOMI KINGI (identified in the First Amended Complaint as "OFFICER KINGI") and OFFICER DANIEL VALK (identified in the First Amended Complaint as "OFFICER VALK") at all material times were employed as Police Officers by the VPD, and were acting within the scope of that employment.

10.     Defendants SERGEANT PATRICK WILLIAMS, OFFICER DEBI LOPEZ, and OFFICER DANIEL TORRES are hereby identified in place of Defendants DOES 1-3. Defendants SERGEANT PATRICK WILLIAMS, OFFICER DEBI LOPEZ, and OFFICER DANIEL TORRES at all material times were employed as Police Officers by the VPD, and were acting within the scope of that employment.

11.     Until after June 6, 2014, despite Plaintiffs' multiple requests for records, Defendants did not provide Plaintiffs or their representatives with information concerning this shooting, including the names of the other involved police officers, any police reports, or records of any investigation.  As a result, the true names and capacities of Defendants sued herein as DOES 1–20 ("DOE defendants") were unknown to Plaintiffs, and DOES 4-20 remain unknown, and Plaintiffs therefore sue said Defendants by such fictitious names, and Plaintiffs will seek leave to amend this complaint to show their true names and capacities when the same are ascertained.  Each DOE defendant was an employee/agent of the City of Vacaville and the VPD, and at all material times acted within the course and scope of that relationship.

12.     Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some

manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs.  Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants.

13.     Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.  Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

14.     At all material times, each Defendant was jointly engaged in tortious activity, and was an integral participant to the events and violations of rights described herein, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.  Additionally, Defendant Sergeant Patrick Williams was the highest ranking officer and the supervisor on scene during the pursuit and shooting described herein.

15.     The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of the VPD.

16.     At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

17.     Each Plaintiff herein timely and properly filed tort claims pursuant to Cal. Gov. Code § 910 et seq., and this action is timely filed within all applicable statutes of limitation.

18.     This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2).

## GENERAL ALLEGATIONS

19.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

20.     On or about July 18, 2013, at about 7:30 p.m., Defendant Sergeant Patrick Williams fatally shot Kendall Walker (Decedent) near the intersection of Ulatis Road and Christine Drive in the City of Vacaville, County of Solano, California.  Defendant Williams shot Decedent multiple times after a low-speed car chase instituted by Defendant Williams and other Defendants.

21.     Before Kendall Walker's car was ever pulled over by VPD officers, and before the low-speed car chase that followed an initial traffic stop, the Defendant VPD officers, including Defendants Kingi and Valk, had been informed and knew that Decedent Walker was suffering from mental illness and/or emotional disturbance, including paranoia. Defendants had also been informed that Kendall Walker had no firearms in his car. Defendant Valk was specifically informed that the only possible weapons in Decedent's car were a hammer, a crowbar, and a folding knife.  However, on information and belief, Defendant Valk failed to inform other officers, including Defendant Williams, of the important fact that the only possible weapons in Decedent's car were a hammer, a crowbar, and a folding knife.

22.     Defendants Valk, Lopez, and Torres staked out the apartment complex of Kendall Walker's sister, Whitney Walker, to monitor and talk to Kendall due to an allegation of unusual and non-criminal behavior toward the daughter of a Vacaville evidence technician.  Kendall Walker saw those officers and became alarmed and more paranoid than usual.  Whitney Walker informed Defendant Valk that Kendall was paranoid and agitated as he drove away in his Geo Metro after Kendall had observed Defendants staking out her apartment complex.  Kendall Walker was driving a Geo Metro that could not travel very fast.  He was driving about fifteen to twenty miles per hour.  Decedent Walker had not committed any crime, and Defendants lacked legal cause to seize him.

23.     Despite actual knowledge that Kendall Walker was mentally ill, emotionally disturbed, paranoid, and agitated at the Vacaville police for apparently stalking him, and knowing that Kendall Walker was not wanted for any crime, Defendants Valk, Lopez, and Torres decided to conduct an unlawful high risk traffic stop of Kendall Walker.  Defendants Lopez and Torres pulled over Kendall Walker's car on Nut Tree Road.   Kendall Walker complied with Defendants' commands to show his hands out of his driver's side window, and Defendants Lopez and Torres could see that his hands were empty.  Throughout this traffic stop, Defendants Lopez and Torres pointed their guns at Kendall Walker's car and at him, while telling Kendall Walker that they considered him to be a threat after he inquired why they were pointing their guns at him.  Defendants Lopez and Torres lacked legal justification to point their guns at Kendall Walker at that time, and their gunpoints at him constituted a high level of force and excessive force under controlling law.  Decedent Walker had the right to non-violently resist Defendants' attempt to unlawfully seize him, including the right to flee from the use of excessive force.  Kendall Walker slowly drove his

Geo Metro away from that traffic stop.  Defendants Lopez and Torres initiated a vehicle pursuit in which Defendants Valk, Williams, and other VPD officers joined.

24.     Knowing that Kendall Walker was wanted for, at most, minor traffic offenses, and knowing that Kendall Walker was mentally and/or emotionally disturbed and agitated, Defendant Sergeant Patrick Williams took control as the highest ranking officer involved in this pursuit, and ordered other officers to ram Kendall Walker's car using a "PIT" maneuver.  Other VPD officers attempted to place spike strips in the path of Kendall Walker's car.  Kendall Walker slowly drove around the spike strips.  Following Defendant William's order, Defendant Lopez ordered her field trainee, Defendant Torres, to conduct two PIT maneuvers, ramming Kendall Walker's car two times and causing it to spin out of control each time.  The second aggressive, provocative, and dangerous PIT maneuver caused the Decedent's car to spin around out of control so that it faced the other direction on Ulatis Road near Christine Drive.  Several VPD police cars surrounded Kendall Walker's car, cutting off avenues of escape.  Defendants Williams and other VPD officers ordered Decedent Walker to get out of his car, among other conflicting commands. Decedent Walker began to get out of his car, and seconds later Defendant Williams fired several gunshots at him, fatally wounding Kendall Walker.  Defendant Williams did not give any warning before shooting Kendall Walker.  Afterward, Defendant Williams told Vacaville Police Department investigators that he deliberately used deadly force against Kendall Walker because he believed, mistakenly, that Kendal Walker had a gun in his right hand.

25.     Decedent had no firearm in his possession, did not threaten anyone with any weapon, and posed no significant or immediate threat of death or serious bodily harm to Defendant VPD officers or others at the time he was shot.  Decedent Walker had not made any movement or gesture under the circumstances that a reasonable officer would

perceive as posing an immediate threat to justify the use of deadly force.  Defendant VPD officers unlawfully seized and used excessive force against Kendall Walker, including but not limited to Defendant Williams firing multiple, deliberate gunshots at Decedent without warning and without legal justification, causing great pain and suffering to Decedent and causing his death.

26.    At all times, Decedent Kendall Walker did not pose a significant and immediate threat of death or serious physical injury to Defendants, officers, or others.

27.    At all material times, all Defendant VPD officers knew and/or had reason to know that Decedent was a mentally ill and/or emotionally disturbed person.  Defendants failed to follow generally accepted law enforcement standards and training for safely handling Decedent as a mentally ill and/or emotionally disturbed person.  Alternatively, Defendants Kingi and/or Valk failed to inform other officers of sound information and facts they knew that Kendall Walker was mentally and/or emotionally disturbed, paranoid, and currently agitated at the VPD due to careless, provocative, and excessive tactics and force used by Defendants Valk, Lopez, and Torres.

28.    Further, as a result of Defendants' unreasonable, reckless, excessive, unlawful, and provocative tactics, Defendants created the situation where deadly force was used.

29.    Defendants deliberately caused the infliction of force against Kendall Walker beyond that which is required by a legitimate law enforcement objective.  Further, Defendants' own conduct created and agitated this escalating situation, and Defendants' reactions were disproportionate to the situation they faced.  Defendants Williams, Valk, Lopez, and Torres acted with a purpose to harm Kendall Walker that was unrelated to legitimate law enforcement objectives.

30.     At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Decedent's and Plaintiffs' rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

31.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiffs sustained the following injuries and damages, past and future, among others:

       a.    Wrongful death of Kendall Walker;

       b.    Hospital and medical expenses (Survival claims);

       c.    Coroner's fees, funeral and burial expenses (Survival claims);

       d.    Loss of familial relationships, including loss of love, companionship, comfort, affection, consortium, society, services, solace, and moral support (All Plaintiffs, based on wrongful death and/or loss of familial association);

       e.    Loss of economic support (D.W., based on wrongful death and loss of familial association);

       f.    Violation of constitutional rights;

       g.    Pain and Suffering, including emotional distress (All Plaintiffs, based on individual §1983 claims for loss of familial association);

       h.    Kendall Walker's loss of life, pursuant to federal civil rights law (Survival claims);

       i.    Kendall Walker's conscious pain and suffering, pursuant to federal civil rights law (Survival claims);

       j.    All damages, penalties, and attorneys' fees and costs recoverable under 42 USC §§ 1983, 1988, 12205, 29 U.S.C. § 794a, the ADA, the RA, California Civil Code §§ 52 and 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law;

**COUNT ONE**
**-- 42 USC §1983 --**
**ALL PLAINTIFFS AGAINST DEFENDANTS KINGI, VALK, WILLIAMS, LOPEZ, TORRES, AND DOES 4–20**

32.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

33.     By the actions and omissions described above, Defendants KINGI, VALK, WILLIAMS, LOPEZ, AND TORRES and DOES 4-20 violated 42 USC §1983, depriving Plaintiffs and Decedent of the following clearly established and well-settled constitutional rights protected by the First, Fourth and Fourteenth Amendments to U.S. Constitution:

  a.  The right to be free from unreasonable searches and seizures as secured by the Fourth Amendment (Plaintiff D.W.'s survival and wrongful death claims);

  b.  The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth Amendment (Plaintiff D.W.'s survival and wrongful death claims);

  c.  The right to be free from the use of unlawful deadly force as secured by the Fourth Amendment (Plaintiff D.W.'s survival and wrongful death claims);

  d.  The right to be free from wrongful government interference, by force and conduct that shocks the conscience, with familial relationships, and Plaintiffs' right to companionship, society and support of each other, as secured by the First and Fourteenth Amendments (All Plaintiffs' individual claims);

34.     Defendants subjected Plaintiffs to their wrongful force and conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs (individually and on behalf of Kendall Walker, Deceased) and others would be violated by their acts and/or omissions.

35.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth at paragraph 31, above.

36.     The conduct of Defendants KINGI, VALK, WILLIAMS, LOPEZ, TORRES, AND DOES 4–20 entitles Plaintiffs to punitive damages and penalties allowable under 42 USC §1983 and California law.  Plaintiffs do not seek punitive damages against the City of Vacaville.

37.     Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 USC §1988 and applicable federal and California codes and laws.

**COUNT TWO**
**- 42 USC §1983 (Municipal and Supervisory Liability) –**
**ALL PLAINTIFFS AGAINST DEFENDANTS CITY OF VACAVILLE, CHIEF OF POLICE RICHARD WORD, AND DOES 4-20**

38.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

39.     The unconstitutional actions and/or omissions of Defendants KINGI, VALK, WILLIAMS, LOPEZ, TORRES, AND DOES 4–20, and other officers employed by or acting on behalf of Defendant City of Vacaville, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the VPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for City of Vacaville and the VPD, including but not limited to Defendant WORD:

        a.    To use or tolerate the use of excessive and/or unjustified force;

        b.    To use or tolerate the use of unlawful deadly force;

        c.    To fail to use appropriate and generally accepted law enforcement policies, procedures, and training in handling mentally ill, emotionally disturbed and/or medically disabled persons;

        d.    To fail to implement necessary reforms, policies, procedures and training after Vacaville police officers were adjudged to have used unreasonable tactics and force against Doron Lifton, a mentally ill and emotionally disturbed person, leading to Doron Lifton's wrongful death by officers' gunfire (*Lifton v. City of Vacaville,* E.D. Ca. Case No. S-98-1678 DFL DAD, affirmed, 72 Fed. Appx. 647 (9th Cir.  2003);

e.   To fail to use appropriate and generally accepted law enforcement policies, procedures, and training in handling disabled persons;

f.   To fail to use appropriate and generally accepted law enforcement policies, procedures, and training in handling persons experiencing medical emergencies;

g.   To fail to accommodate persons with disabilities, particularly mental illness and/or emotional disturbance;

h.   To cover-up violations of constitutional rights by any or all of the following:

i.   by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, unlawful seizures, and/or handling of mentally ill or emotionally disturbed persons;

ii.   by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

iii.   by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

i.   To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department;

j.   To use or tolerate inadequate, deficient, and/or improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.; and

k.   To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (j) above, with deliberate indifference to the rights and safety of Plaintiffs and the public, and in the face of an obvious need for such policies, procedures, and training programs.

40.     Defendants City of Vacaville, Chief WORD, and DOES 4-20 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants KINGI, VALK, WILLIAMS, LOPEZ, TORRES, AND DOES 4–20, and other VPD personnel, with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

41.     The unconstitutional actions and/or omissions of Defendants KINGI, VALK, WILLIAMS, LOPEZ, TORRES, AND DOES 4–20, and other VPD personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the VPD. Plaintiffs are informed and believe, and thereupon allege, the details of this incident have been revealed to the authorized policy makers within City of Vacaville and the VPD including Defendant WORD, and that such policy makers have direct knowledge of the fact that the Kendall Walker shooting was not justified, but represented an unconstitutional display of unreasonable, excessive and deadly force.  Notwithstanding this knowledge, the authorized policy makers within City of Vacaville and the VPD have approved of Defendants' shooting of Kendall Walker, and have made a deliberate choice to endorse Defendants' shooting of Kendall Walker, Defendants' claimed basis for that shooting, and the tactics leading up to that shooting.  By so doing, the authorized policy makers within City of Vacaville and the VPD have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

42.     The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendants City of Vacaville, Chief Word, and Does

1  4–20, were a moving force and/or a proximate cause of the deprivations of Plaintiffs'

2  clearly-established and well-settled constitutional rights in violation of 42 USC §1983, as

3  more fully set forth in Paragraph 33, above.

4
5          43.     Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs

6  of rights described herein, knowingly, maliciously, and with conscious and reckless

7  disregard for whether the rights and safety of Plaintiffs and others would be violated by

8  their acts and/or omissions.

9          44.     As a direct and proximate result of the unconstitutional actions, omissions,

10 customs, policies, practices and procedures of Defendants City of Vacaville, Chief Word,

11 and DOES 4–20 as described above, Plaintiffs sustained serious and permanent injuries

12
13 and are entitled to damages, penalties, costs and attorneys' fees as set forth in paragraphs

14 34-37, above, and punitive damages against Defendants WORD, KINGI, VALK,

15 WILLIAMS, LOPEZ, TORRES, AND DOES 4–20 in their individual capacities.

16                                       **COUNT THREE**
                                **-- VIOLATION OF CIVIL CODE §52.1 --**
17      **ALL PLAINTIFFS AGAINST DEFENDANTS KINGI, VALK, WILLIAMS, LOPEZ,**
                               **TORRES, AND DOES 4–20**
18

19         45.     Plaintiffs reallege each and every paragraph in this complaint as if fully set

20 forth here.

21         46.     By their acts, omissions, customs, and policies, each Defendant acting in

22 concert/conspiracy, as described above, interfered with, attempted to interfere with, and

23 violated Plaintiffs' rights under California Civil Code §52.1, and the following clearly-

24 established rights under the United States Constitution and the California Constitution:
25
26              a.  The right to be free from unreasonable searches and seizures as
                    secured by the Fourth Amendment (D.W.'s survival claim only);
27

28

b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth Amendment (D.W.'s survival claim only);

c. The right to be free from the unreasonable use of deadly force as secured by the Fourth Amendment (D.W.'s survival claim only);

d. The right to be free from wrongful government interference with familial relationships, and Plaintiffs' right to companionship and society with each other, as secured by the First and Fourteenth Amendments (All Plaintiffs' individual claims);

e. The right to be free from unlawful and unreasonable seizure of one's person, including the right to be free from unreasonable or excessive deadly force, as secured by the California Constitution, Article 1, Section 13 (D.W.'s survival claim only);

f. The right to protection from bodily restraint, harm, or personal insult, as secured by Cal. Civil Code § 43 (All Plaintiffs' individual claims).

47.     Separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Plaintiffs' rights, Defendants violated Plaintiffs' rights by the following conduct constituting threats, intimidation, or coercion:

a. Chasing and threatening Kendall Walker in the absence of any threat presented by Mr. Walker, or any justification whatsoever;

b. Using deliberately reckless and provocative tactics to apprehend Kendall Walker in violation of generally accepted law enforcement training and standards, and in violation of Kendall Walker's rights;

c. Deliberately causing Kendall Walker's car to be rammed by a police car, in the absence of a justifiable threat or need;

d. Causing multiple officers to point guns at Kendall Walker, threatening the use of deadly force, without justification;

e.   Threatening violence against Kendall Walker, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

f.   Causing Kendall Walker to be shot multiple times, without warning and without justification;

g.   Violating Kendall Walker's rights to be free from unlawful seizures by both wrongful arrest and excessive force;

h.   Violating all Plaintiffs' rights to be free from wrongful government interference with their familial relationships, by force and conduct that shocks the conscience.

48.     As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiffs' rights under the United States and California Constitutions and law, Plaintiffs sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above at paragraphs 34-37 and punitive damages against Defendants KINGI, VALK, WILLIAMS, LOPEZ, TORRES, AND DOES 4–20 in their individual capacities, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, three times actual damages, and civil penalties.  For this claim, Defendant CITY OF VACAVILLE is vicariously liable for the conduct of its employees and agents pursuant to California Government Code § 815.2.

**COUNT FOUR
-- NEGLIGENCE; PERSONAL INJURIES --
PLAINTIFF D.W. AGAINST ALL DEFENDANTS**

49.     Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

50.     At all times, each Defendant owed Plaintiff D.W. and Plaintiffs' decedent the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

51.     At all times, each Defendant owed Plaintiff D.W. and Plaintiffs' decedent the duty to act with reasonable care.

52.     These general duties of reasonable care and due care owed to Plaintiffs by all Defendants include but are not limited to the following specific obligations:

     a.    to refrain from using excessive and/or unreasonable force against Kendall Walker;

     b.    to refrain from unreasonably creating the situation where force, including but not limited to deadly force, is used;

     c.    to refrain from abusing their authority granted them by law;

     d.    to use tactics and force appropriate for a disabled, mentally ill and/or emotionally disturbed person having a medical emergency;

     e.    to refrain from violating Plaintiffs' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

53.     Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Defendants City of Vacaville (through its employees and agents), Chief WORD, and Does 4–20, include but are not limited to the following specific obligations:

     a.    to properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

     b.    to make, enforce, and at all times act in conformance with policies, training, and customs that are lawful and protective of individual rights, including Plaintiffs'.

     c.    to refrain from making, enforcing, and/or tolerating the wrongful policies, training, and customs set forth at paragraph 39, above.

1

2

54.    Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs.

3

4

5

6

7

8

9

10

55.    As a direct and proximate result of Defendants' negligence, Plaintiffs sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above at paragraphs 34-37, and punitive damages against Defendants Chief WORD, KINGI, VALK, WILLIAMS, LOPEZ, TORRES, AND DOES 4–20 in their individual capacities.  For this claim, Defendant CITY OF VACAVILLE is vicariously liable for the conduct of its employees and agents pursuant to California Government Code §815.2.

11

12

13

### COUNT FIVE
### -- ASSAULT AND BATTERY --
### PLAINTIFF D.W. AGAINST DEFENDANTS WILLIAMS, DOES 4-20 AND CITY OF VACAVILLE

14

15

56.    Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

16

17

18

57.    The actions and omissions of Defendants WILLIAMS, DOES 4–20 and City of Vacaville as set forth above constitute assault and battery.

19

20

21

22

23

24

25

58.    As a direct and proximate result of Defendants' assault and battery of Kendall Walker, Plaintiffs sustained injuries and damages, and are entitled to relief as set forth above at paragraphs 34-37, and punitive damages against all Defendants (except the City of Vacaville) in their individual capacities.  For this claim, Defendant CITY OF VACAVILLE is vicariously liable for the conduct of its employees and agents pursuant to California Government Code §815.2.

26

27

28

**COUNT SIX**
**– VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)(TITLE II) –**
**AND REHABILITATION ACT (RA)**
**PLAINTIFF D.W. AGAINST DEFENDANT CITY OF VACAVILLE**

59.    Plaintiffs reallege each and every paragraph in this complaint as if fully set forth here.

60.    Congress enacted the Americans with Disabilities Act ("ADA") upon a finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious and pervasive social problem."  42 U.S.C. § 121019(a)(2).

61.    The ADA, 42 U.S.C. § 12182(b)(1)(A)(iii), provides in pertinent part that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual licensing, or other arrangements, with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals." (emphasis added).

62.    Decedent was a "qualified individual" with a mental illness, disability and medical impairments that limited and/or substantially limited his ability to care for himself and control his mental, medical or physical health condition as defined under the ADA, 42 U.S.C. § 12131(2), and Section 504 of the Rehabilitation Act ("RA") of 1973, 29 U.S.C. § 794, 28 C.F.R. 42.540(k).

63.    Defendant City of Vacaville is a public entity whose services, programs, and/or activities are covered under and governed by the ADA and RA, and regulations promulgated under each of these laws.

64. Defendant is within the mandate of the RA that no person with a disability may be "excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity."  29 U.S.C. § 794.

65. Further, Plaintiffs are informed and believe and thereon allege that Defendant City of Vacaville receives federal financial assistance.

66. Under the ADA, the City of Vacaville is mandated to "develop an effective, integrated, comprehensive system for the delivery of all services to persons with mental disabilities and developmental disabilities . . ." and to ensure "that the personal and civil rights" of persons who are receiving services under its aegis are protected.

67. Also under the ADA, the City of Vacaville is mandated not to discriminate against any qualified individual "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation."  42 U.S.C. § 12182(a).  The ADA applies generally to police "services, programs, or activities."  42 U.S.C. § 12132.  The ADA applies to arrests, other seizures, and Defendants' contacts with Kendall Walker.

68. At all material times and as described herein, Decedent Kendall Walker (1) was an individual with a disability; (2) was otherwise qualified to participate in or receive the benefit of a public entity's services, programs or activities, including the City of Vacaville's police services, programs, or activities; (3) was either excluded from participation in or denied the benefits of the City of Vacaville's services, programs or activities or was otherwise discriminated against by the City of Vacaville; and (4) such exclusion, denial of benefits or discrimination was by reason of his disability.

69. As described herein, Defendant failed to reasonably accommodate Decedent's disability in the course of contacting and seizing him, causing him to suffer

greater injury in the process than other detainees or arrestees, including death.

Defendant's failures to accommodate Decedent's disability include but are not limited to:

a.  causing the violation of Decedent's rights through all customs, policies, and practices identified at paragraph 39, above;

b.  failing to use lawful and appropriate tactics for a mentally and/or emotionally disturbed person under the circumstances;

c.  failing to develop an effective, integrated, comprehensive system for the delivery of all services to persons with mental disabilities and developmental disabilities, and to ensure that the personal and civil rights of persons who are receiving services under its aegis are protected;

d.  failing to implement necessary reforms, policies, procedures, training, and accommodations after Vacaville police officers were adjudged to have used unreasonable tactics and force against Doron Lifton, a mentally ill and emotionally disturbed person, leading to Doron Lifton's wrongful death by officers' gunfire (*Lifton v. City of Vacaville,* E.D. Ca. Case No. S-98-1678 DFL DAD, affirmed, 72 Fed. Appx. 647 (9th Cir. 2003);

e.  other accommodations as the evidence in this case may show.

70.    As a direct and proximate result of Defendant's violations of the ADA and RA, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorneys' fees as set forth in paragraphs 35-37 above.


WHEREFORE, Plaintiffs respectfully request the following relief against each and every Defendant herein, jointly and severally:

a.    compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

b.    punitive damages under 42 USC §1983 and California law in an amount according to proof and which is fair, just, and reasonable (punitive damages are not sought against the City of Vacaville);

c.    all other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 USC §§ 1983, 1988, and 12205 and Title II of the ADA, 29 U.S.C. §§ 794 and 794a, Cal. Code of Civ. Proc. §§ 377.20 et seq., 377.60 et seq., and 1021.5, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

d.   Injunctive relief, including but not limited to the following:

    i.   an order prohibiting Defendants and their police officers from unlawfully interfering with the rights of Plaintiffs and others to be free from unreasonable searches and seizures and excessive and unreasonable force;

    ii.   an order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for stopping and detaining individuals, particularly persons with disabilities, persons experiencing a medical emergency, and mentally ill or emotionally disturbed persons;

    iii.   an order prohibiting Defendants and their police officers from engaging in the "code of silence" as may be supported by the evidence in this case;

    iv.   an order requiring Defendants to train all VPD law-enforcement officers concerning generally accepted and proper tactics and procedures for the use of deadly force and this Court's orders concerning the issues raised in injunctive relief requests i-iii, above;

    v.   an order requiring Defendants to train all VPD Officers concerning generally accepted and proper tactics and procedures for handling mentally ill or emotionally disturbed persons and this Court's orders concerning the issues raised in injunctive relief requests i-iii, above;

    vi.   an order requiring Defendants to train all VPD Officers concerning generally accepted and proper tactics and procedures for handling disabled persons and this Court's orders concerning the issues raised in injunctive relief requests i-iii, above;

    vii.   an order requiring Defendants to train all VPD Officers concerning generally accepted and proper tactics and procedures for handling persons experiencing a medical emergency and this Court's orders concerning the issues raised in injunctive relief requests i-iii, above;

e.   such other and further relief as this Court may deem appropriate.

DATED: July 2, 2014                    HADDAD & SHERWIN


                                       /s/  Michael J. Haddad
                                       Michael J. Haddad
                                       Attorneys for Plaintiffs

1

## **<u>JURY DEMAND</u>**

2

     Plaintiffs hereby request a trial by jury.

3

4

DATED:  July 2, 2014                HADDAD & SHERWIN

5

6

                            /s/  Michael J. Haddad

7

                            Michael J. Haddad
                            Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28